William F. Ketcham, Esq. Informal Opinion City of Newburgh No. 98-40 Office of Corporation Counsel City Hall, 83 Broadway Newburgh, New York 12550
Dear Mr. Ketcham:
You have requested an opinion regarding: (1) the authorized jurisdiction of a city marshal of the City of Newburgh; (2) the difference between the duties and obligations of a city marshal of the City of Newburgh and those of a deputy sheriff or police officer; and (3) whether a city marshal of the City of Newburgh may carry a pistol within the city limits of the City of New York. In a telephone conversation, you requested that we focus our responses to questions one and two on the service of processes and mandates of the Newburgh City Court. Because questions one and two are interrelated, we will respond to them together.
With the exception of the New York City Civil Court, all city courts are governed by the Uniform City Court Act ("UCCA"). The UCCA designates county sheriffs as the enforcement officers of city courts; however, city officials may continue to appoint enforcement officers in lieu of the sheriff if that was their practice prior to June 30, 1988. Uniform City Court Act § 105(b).
Prior to 1988, it was the practice of the City of Newburgh to appoint city marshals as the enforcement officers of the Newburgh City Court. The office of city marshal is established in section 9 of the Newburgh City Court Act. L 1948, ch 569. The duties and responsibilities of the Newburgh city marshal are as follows:
§ 10: Employees; duties; powers.
. . .
 (b) Marshal. The city marshal shall perform in the city court the same duties as are performed by sheriffs in courts of record and shall have the same power to serve and execute all process and mandates of the court as a sheriff. The city judge shall have the power to appoint an acting marshal from time to time in the absence or disability of the marshal. The police officers of the city shall execute all criminal process issued out of the court when required to do so by the court. Neither a marshal nor a police officer shall receive any fee or compensation for the service of any criminal process issued out of the court.
Additionally, under the UCCA:
 [t]he enforcement officers of the court shall perform the same duties as are performed by sheriffs in the supreme court and shall have, within their territorial jurisdiction and subject to any limitations imposed by this act or by other provision of law, such power to serve and execute the processes and mandates of the court as a sheriff has with regard to the processes and mandates of the supreme court. They shall also have, within their territorial jurisdiction, all of the powers in criminal matters of a constable of a town in the State of New York. It shall also be the duty of the police officers of the city to execute all criminal processes and mandates of the court. Neither an enforcement officer nor a police officer shall receive any fee or compensation for the service or execution of any criminal process or mandate issued out of the court. Uniform City Court Act § 105(b).
Thus, in the City of Newburgh "[t]he relationship of the marshal to the city court is substantially similar to that of the sheriff to Supreme Court, that is, he is responsible for executing all writs and processes issued by the city court judge." 1987 Op Atty Gen (Inf) 155. However, even though Newburgh city marshals are authorized to serve the criminal processes of the Newburgh City Court, under the Newburgh City Court Act the court may at times require that police officers execute particular criminal processes in lieu of the city marshal. Newburgh City Court Act § 10.
Although Newburgh city marshals are authorized to serve all of the processes and mandates of the Newburgh City Court they may only execute such service in accordance with the provisions of the UCCA. UCCA §701 provides, in pertinent part, as follows:
 (a) In an action or proceeding brought in the court, all civil processes and mandates, except as otherwise provided in this act, may be served or executed only within the county. They shall be executed by the court's enforcement officer within such area as is within his territorial jurisdiction as elsewhere provided by law. Where this act empowers the court's process or mandate to be served or executed without the county, or where it is to be served or executed within the county but at such place therein as is beyond the territorial jurisdiction of the court's enforcement officer, the process or mandate may be served or executed by such officer as could serve or execute the process or mandate of the supreme court of the county in a like instance.
 (b) The provisions of law applicable in supreme court practice, relating to the execution of mandates by a sheriff and the power and control of the court over the sheriff executing the same, shall apply to this court's enforcement officers.
 . . .
 (d) Nothing herein contained shall be construed to prevent the service of a summons, petition, notice of petition, subpoena or other paper by any person who might serve the same in a like instance in the supreme court.
Accordingly, Newburgh city marshals may execute the processes and mandates of the Newburgh City Court within their territorial jurisdiction as provided by law, but never outside Orange County. The Newburgh City Court Act does not limit the territorial jurisdiction of Newburgh city marshals. Therefore, it appears that Newburgh city marshals may serve the processes and mandates of the Newburgh City Court throughout Orange County under UCCA § 701(a). Any processes or mandates that must be served outside of Orange County must be served by the Orange County sheriff. See, David D. Siegel, Practice Commentaries, UCCA §701 ("The court's mandate may be executed in an adjoining county in certain instances, such as in enforcement proceedings under UCCA § 1508(b). If it is, section 701(a) prescribes that the officer who handles the enforcement in the other county is to be the sheriff.")
We conclude that Newburgh city marshals are authorized to execute all of the processes and mandates of the Newburgh City Court within Orange County; however, the Newburgh City Court may at times require that a police officer serve a particular criminal process.
City marshals are classified as peace officers under Criminal Procedure Law § 2.10(21)(d). Under the Criminal Procedure Law, a city marshal may not "possess, repair or dispose of a firearm unless the appropriate license therefor has been issued pursuant to section 400.00 of the penal law." Id. A license issued to a city marshal pursuant to Penal Law § 400.00 does not, however, authorize the possession of firearms within the city limits of the City of New York.1 Under Penal Law § 400.00(6) a "license to carry or possess a pistol or revolver, not otherwise limited as to place or time of possession, shall be effective throughout the state, except that the same shall not be valid within the city of New York unless a special permit granting validity is issued by the police commissioner of that city."2 Under this provision, it is clear that a city marshall is required to obtain a firearm permit from the New York City Police Commissioner to carry a firearm in that City. In the absence of a special permit obtained in accordance with Penal Law § 400.00(6), a city marshal of the City of Newburgh may not carry a pistol within the city limits of the City of New York.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
Very truly yours,
YVONNE M. HOVE
Assistant Attorney General